1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  Meghan E. George (SBN 274525)
   Thomas E. Wheeler (SBN 308789)
3  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
4  21550 Oxnard St. Suite 780,
   Woodland Hills, CA 91367
5  Phone: 877-206-4741
6  Fax: 866-633-0228
   tfriedman@toddflaw.com
7  abacon@toddflaw.com
8  mgeorge@toddflaw.com
   twheeler@toddflaw.com
9  *Attorneys for Plaintiff, and all others similarly situated*

10

11           **IN THE UNITED STATE DISTRICT COURT FOR THE**
12                    **EASTERN DISTRICT OF CALIFORNIA**

13
   KELSEY ADAIR, individually, and          Case No. 2:18-cv-00677-WBS-AC
14 on behalf of all others similarly
   situated,                                **FIRST AMENDED CLASS ACTION**
15                                          **COMPLAINT**
            Plaintiff,
16                                          (1)  Violation of the California False
       vs.                                       Advertising Act (Cal. Business &
17                                               Professions Code §§ 17500 *et seq.*);
   DREXEL UNIVERSITY, and DOES             (2)  Violation of Unfair Competition
18 1 – 10, inclusive,                            Law (Cal. Business & Professions
                                                 Code §§ 17200 *et seq.*); and
19          Defendant.                      (3)  Consumer Legal Remedies Act
                                                 (Cal. Civ. C. § 1770 *et. seq.*)
20
21                                          **Jury Trial Demanded**

22

23

24

25

26

27

28

Plaintiff KELSEY ADAIR ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant DREXEL UNIVERSITY (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its educational programs and opportunities online, and to obtain redress for a California class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2.     Defendant is a limited liability company with principal place of business in Pennsylvania and state of incorporation in Delaware and is engaged in the sale and distribution of educational services and opportunities.

3.     Defendant represents through its online advertising that its educational program would help prepare students for medical school by having live teachers at the satellite campus, writing letters for its students to aid them in obtaining medical school placement, and guaranteeing a certain number of spots at its main campus. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated consumers their educational services and opportunities (hereinafter "Class Products").

4.     Plaintiff and others similarly situated purchased or attempt to purchase Defendant's educational service, and they did so on the basis that Defendant said that it would provide live teachers and placement support services.

5.     Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase and attend Defendant's educational program, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection

statutes, including the Unfair Competition Law, False Advertising Law, and the Consumer Legal Remedies Act.

## NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT

6. Consumers signed up for educational programs to be of a certain nature and quality, and in the case at bar, they did so under the impression that the program will assist them obtaining admission into medical school.

7. Consumers rely on the representations and advertisements of educational providers in order to know which program to purchase. Details as to the nature and quality of the program, such as whether this educational program will help students obtain admission to medical school and the form of teaching, are important and material to consumers at the time they assent to participate in a particular education program that assists in gaining acceptance to medical school, as consumers are sensitive to the nature and quality of the programs they purchase, compared to what they could purchase from a competing educational program.

8. Defendant is engaged in the marketing and executing of educational programs that, supposedly assist with gaining admission to medical school, and the true nature and quality of the educational programs that Defendant advertises is neither disclosed to consumers nor discoverable by the same at the time of purchase.

9. When consumers purchase these educational programs from educational institutions, they reasonably believe that they purchased an educational program of a nature and quality that was marketed and disclosed at the time they agreed to purchase said educational program.

10. Defendant profits from the sale of these educational programs. Many consumers would not have purchased or attempted to purchase an educational program that does not assist in obtaining admission to medical school, or they would have purchased educational services from a competitor.

11.    In Plaintiff's case, the educational program did not include assistance in placement with medical schools and did not possess live teachers as Defendant represented to Plaintiff at the time she agreed to purchase the educational program from Defendant.

12.    Defendant conceals the fact that its educational program is not going to be of the nature and quality advertised in order to deceive consumers into purchasing their education services that is different from that which is advertised.

13.    Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

14.    Defendant makes online, written representations to consumers which contradict the actual nature and quality of the services that will be given to the consumer after the consumer purchases the services.

15.    The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq. and a violation of Cal. Civ. C. § 1770 et. seq.

16.    Defendant's violations of the law include without limitation the false advertising, marketing, representations, and sale of the falsely advertised Class Products to consumers in California.

17.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose the true nature and quality of its products in a conspicuous manner, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

18.    This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

19.    This matter is properly venued in the United States District Court for the Eastern District of California, in that Plaintiff purchased and attended Defendant's Class Products in Sacramento County and Defendant provided its services to Plaintiff in that location.  Plaintiff resides in the Eastern District of California and Defendants do business, inter alia, in the Eastern District of California.

20.    There is original federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## THE PARTIES

21.    Plaintiff KELSEY ADAIR is a citizen and resident of the State of California, County of SACRAMENTO.

22.    Defendant DREXEL UNIVERSITY is a Delaware corporation and headquartered in Pennsylvania.

23.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

24.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

25.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

26.    At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

### PLAINTIFF'S FACTS

27.    In or around August of 2014, Plaintiff purchased an educational program from Defendant. Defendant represented to Plaintiff through its online website that its educational program would provide live in person teachers at its campus and that Defendant would assist Plaintiff with gaining admission to medical school by providing recommendation letters to the medical school programs of her choice and by guaranteeing a certain number of spots at Drexel's Medical School.

28.    After Plaintiff had purchased the Class Products, Defendant asked Plaintiff to provide them with a list of medical schools that she sought to apply to, in order to provide her with the aforementioned recommendation letters, when in fact no such letters were provided to any medical school.

29.    In reliance on these representations, Plaintiff purchased Defendant's educational programs by paying valuable consideration in the form of $50,000.

30.    Defendant represented that the educational program functions as a post-bachelor pre-medical program that effectuates as taking the necessary first year classes at a medical school including with live in-person teaching, when in fact Plaintiff's various applications to medical schools were rejected because of Defendant's program.

31.    Defendant represented that program would consist of live lectures with accredited professors, however, all class activity was conducted virtually and lectures were previous pre-recorded class sessions from Drexel University's medical school program.

32.    Defendant represented that success in their education program would allow Plaintiff the opportunity to apply to Drexel University's medical school program and obtain an interview for it.

33.    As a result of Defendant's representations through its website, Plaintiff has suffered a pecuniary loss, in the amount of $50,000.

34.    Had Plaintiff known that Defendant's educational program would not assist her in obtaining admission to medical school and not be of the quality advertised, she would not have purchased Defendant's educational services.

35.    Furthermore, Plaintiff did not discover, nor could she have discovered, the true nature and quality of the educational program until after Plaintiff had purchased the services, began taking classes, and failed to receive the advertised quality of classes as well as placement assistance.

36.    Plaintiff did not discover the full nature of Defendant's deception until May 2015 at the earliest.

37.    Moreover, Defendant's educational program is meant to target consumers who wish to explore careers in the medical field and Defendant was aware at all relevant times that Plaintiff would be induced to purchase this program for that reasons.

FIRST AMENDED CLASS ACTION COMPLAINT

38. Plaintiff relied on information Defendant, posted on their internet website, representing that the education program assists those seeking admission into medical schools.

39. In fact, Defendant's educational program did not help Plaintiff gain admission to a medical school.

40. For the program, Plaintiff paid more than valuable consideration. Plaintiff relied on the fact that the educational programs were being advertised as being of a particular nature and quality, namely that it assists consumers to gain admission into medical school, by providing letters of recommendation to the medical schools Plaintiff applies to. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that they could not assist with any medical school admissions processes.

41. When purchasing Defendant's educational service, Defendant advertised to Plaintiff through its website that she would be guaranteed an interview with Drexel University's medical school, if successful with the program, and be provided with recommendations for other medical schools. Plaintiff relied on Defendant's statements about the nature and quality of the educational program in deciding to participate in this program from Defendant over other competitors. Plaintiff felt assured by Defendant that the educational program would be as represented by Defendant, namely that it will assist it gaining acceptance into a medical school program. Plaintiff would not have agreed to purchase Defendant's services if she had known that Defendant would provide their service of a nature and quality other than what Defendant represented.

42. Defendant never informed Plaintiff that it cannot guarantee admissions into a medical school, guarantee it could not obtain interviews for those whom successfully complete the program, nor did Plaintiff provide his consent to receive such services.

43.    Knowledge of the true nature and quality of Defendant's educational program would have impacted Plaintiff's decision to purchase this service from Defendant over other educational providers. Plaintiff would have found it important to her purchase decision to know exactly what she was purchasing, and she believed that she was purchasing an educational service that was capable of delivering the results Defendant has represented to Plaintiff. This much is demonstrated by the fact that Plaintiff specifically researched this information on the Defendant's website, and Defendant made express representations thereto, on their website.

44.    Plaintiff felt ripped off and cheated by Defendant for receiving a service that was different in nature and quality that that which Defendant represented.  Plaintiff believes that Defendant will continue its action of duping consumers into purchasing their educational programs that do not assist with obtaining admissions to a medical school program or provide an interview with Drexel University's medical school, namely in the form of marketing their services on their website when it in fact is not, unless Defendant's practices are halted by way of an injunction.

45.    As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, anxiety, and pecuniary loss.

46.    Plaintiff alleges on information and belief that it is Defendant's policy and practice to misrepresent the true nature and quality of its services regarding the results of their educational program.  Plaintiff asserts that this practice constitutes a fraudulent omission of a material fact relating to the nature and quality of its services that would be important to a reasonable consumer to know at the time they purchase Defendant's educational program.

47.    Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the nature and quality of its educational

services, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the said misrepresentations, in order to induce their purchase of services from Defendant over law abiding competitors.

48.    Defendant has a duty to disclose the true nature and quality of its services, including whether the program will assist students in gaining acceptance to various medical school programs and the successful completion of their program will not guarantee an interview with a particular university's medical school program, to consumers prior to the time they agree to purchase educational services from Defendant. Defendant has a duty to disclose these material features of their services because such features would be highly important to a reasonable consumer.

49.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

50.    Defendant expressly represented to Plaintiff, through written statements, the true nature and quality of its products.

51.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's educational program.

52.    In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

53.    Such representations were clearly false because the true nature and quality of the educational program was different than represented.

54.    Plaintiff would not have purchased the products if he knew that the above-referenced statements made by Defendant were false.

55.    Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products.

56.    Plaintiff agreed to give his money, attention, and time to Defendant

because of the nature and quality of the services that were advertised. Defendant benefited from falsely advertising the nature and quality of its educational programs. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

57.    Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the educational services would have believed that it would assist in helping students gain admission to medical school.

58.    Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead consumers into purchasing a service that does not provide the benefit that consumers and the State of California find acceptable.

## CLASS ACTION ALLEGATIONS

59.    Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under the Federal Rule of Civil Procedure 23.

60.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, visited Defendant's website and purchased Class Products.

61.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

62.    Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

63.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

64.    Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of

all members would be unfeasible and impractical.

65.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

66.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

67.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

(b)     Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

(c)     Whether Defendant profited from the sale of the wrongly advertised educational program;

(d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

(e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)     The method of calculation and extent of damages for Plaintiff and Class Members.

68.     Plaintiff is a member of the Class she seeks to represent

69.     The claims of Plaintiff are not only typical of all Class members, they

are identical.

70.    All claims of Plaintiff and the Class are based on the exact same legal theories.

71.    Plaintiff has no interest antagonistic to, or in conflict with, the Class.

72.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

73.    Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

74.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

75.    Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

76.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

77.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

78.    Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold an educational program that was of a nature and quality different than advertised, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

79.    Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

80.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn, Plaintiff and other Class Members ended up with products that were different in ways that were significantly worse in quality, and therefore Plaintiff and other Class Members have suffered injury in fact.

81.    Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

82.    Defendant advertised to Plaintiff and other putative class members, through written online representations and omissions made by Defendant and its employees, that the Class Products would be of a particular nature and quality.

83.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

84.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

85.    Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

86.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

87.    California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

88.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and (3) is not one that consumers themselves could reasonably have avoided.

89.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

90.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products were a certain nature and quality in order to induce them to spend money on said Class Products. In fact, knowing that Class Products were not of this nature and quality, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing

1    benefits to consumers.

2        91.    Finally, the injury suffered by Plaintiff and members of the Class is

3    not an injury that these consumers could reasonably have avoided. After

4    Defendant falsely represented the Class Products, Plaintiff and Class members

5    suffered injury in fact due to Defendant's sale of Class Products to them.

6    Defendant failed to take reasonable steps to inform Plaintiff and class members

7    that the Class Products were not advertised as having the nature and quality that

8    they in fact have. As such, Defendant took advantage of Defendant's position of

9    perceived power in order to deceive Plaintiff and the Class members to purchase

10   educational programs that differed significantly from what was advertised, namely

11   by not providing live teachers or medical school placement services. Therefore,

12   the injury suffered by Plaintiff and members of the Class is not an injury which

13   these consumers could reasonably have avoided.

14       92.    Thus, Defendant's conduct has violated the "unfair" prong of

15   California Business & Professions Code § 17200.

16                       **FRAUDULENT**

17       93.    California Business & Professions Code § 17200 prohibits any

18   "fraudulent ... business act or practice."  In order to prevail under the "fraudulent"

19   prong of the UCL, a consumer must allege that the fraudulent business practice

20   was likely to deceive members of the public.

21       94.    The test for "fraud" as contemplated by California Business and

22   Professions Code § 17200 is whether the public is likely to be deceived.  Unlike

23   common law fraud, a § 17200 violation can be established even if no one was

24   actually deceived, relied upon the fraudulent practice, or sustained any damage.

25       95.    Here, not only were Plaintiff and the Class members likely to be

26   deceived, but these consumers were actually deceived by Defendant. Such

27   deception is evidenced by the fact that Plaintiff agreed to purchase Class Products

28

under the basic assumption that they would have live in-person classes and Defendant would assist in gaining admission to medical school when in fact, Defendant's program could not assist with achieving admission to medical school. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

96.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being a certain nature and quality when in reality they were a significantly different, and thus falsely represented the Class Products.

97.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

98.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

99.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being of a nature and quality different from what they actually were.

100.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. and Cal. Civ. C. § 17200 et. seq.. Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

101.    This practice of making these representations by Defendant is

therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

102. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

### THIRD CAUSE OF ACTION
### Violation of Consumer Legal Remedies Act
### (Cal. Civ. Code § 1750 *et seq.*)
### On Behalf of the Class

103. Plaintiff incorporates by reference each allegation set forth above herein.

104. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; *Cal. Civ. C.* §1770(a)(7)

    b. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. C.* §1770(a)(9);

    c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. C.* §1770(a)(14); and

    d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. C.* § 1770(a)(16).

105. On or about March 8, 2018, through her Counsel of record, using

certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. A true and correct copy of Plaintiff's CLRA notice letter is attached hereto as Exhibit A. Defendant has not replied to this correspondence at this time, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

106.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

107.   Plaintiff, on behalf of herself and the Class, requests the following relief:

> (a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;
>
> (b)    An order certifying the undersigned counsel as Class Counsel;
>
> (c)    An order requiring DREXEL UNIVERSITY at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;
>
> (d)    An order requiring DREXEL UNIVERSITY to engage in corrective advertising regarding the conduct discussed above;
>
> (e)    Actual damages suffered by Plaintiff and Class Members as

applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misrepresented Class Products during the relevant class period;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)     Pre- and post-judgment interest; and

(i)     All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

## REQUEST FOR JURY TRIAL

108.    Plaintiff requests a trial by jury as to all claims so triable.

Dated:  April 27, 2018             Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: _____

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff KELSEY ADAIR

Filed electronically on this 27th Day of April, 2018, with:

United States District Court CM/ECF system.

Notification sent electronically on this 27th Day of April, 2018, to:

Honorable William B. Shubb
United States District Court
Eastern District of California

And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.

TODD M. FRIEDMAN